**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CLARENCE PHILLIPS,

      Defendant - Appellant.

No. 99-4181

(D.C. No. 99-CR-107-1)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Defendant pled guilty to multiple counts of possession of illegal drugs with intent to distribute. As part of his plea, he reserved the right to appeal the denial of his motion to suppress the evidence.

The case is a common one involving the stop of an automobile traveling along Interstate 70 as it passes through central Utah. The appeal sequentially challenges the trial court's adoption of the recommended findings of the magistrate judge that whatever the subjective motivation of the arresting officer,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

he had a reasonable, articulable suspicion that a traffic violation had occurred; that the ensuing detention and questioning comported with constitutional standards; and that a co-defendant who claimed to have borrowed the automobile from his girlfriend gave valid, non-coerced consent to search the vehicle.

The officer's claimed justification for the initial stop involved driver conduct that we have repeatedly addressed: The driver, Defendant, was traveling within the speed limit but well below the maximum authorized speed under optimal conditions. The officer, while following, observed the vehicle's tire cross the lane marker twice under circumstances that the magistrate judge characterized as "somewhat innocuous." Mag. Rec. at 21. We recognize that this case is factually at the borderline between United States v. Botero-Ospina, 71 F.3d 783, 785 (10th Cir. 1995) (en banc), cert. denied, 518 U.S. 1007 (1996), (upholding traffic stop where officer observed the defendant's car "swerve from the outside lane, straddle the center line, and swerve back to the outside lane"), and our subsequent decision in United States v. Gregory, 79 F.3d 973, 978 (10th Cir. 1996) (holding that, under the circumstances, the defendant's momentary crossing into the emergency lane did not justify a traffic stop). Nevertheless, we cannot say that the trial court erred in concluding that twice crossing the line plus the vehicle's exceptionally slow speed justified the officer's suspicion that the driver was either fatigued or impaired. The instant facts thus fall, however

-2-

narrowly, within Botero-Ospina's reach.

The magistrate judge also considered and rejected the argument that the stop was based at least in part on the race of the occupants. The trial court's rejection of that argument was not erroneous. Where, as here, objective facts justify a traffic stop, an officer's subjective reasons for the stop are irrelevant. See Whren v. United States, 517 U.S. 806, 813 (1996); Botero-Ospina, 71 F.3d at 787.

The magistrate judge used our oft-stated standards in upholding the length and scope of the investigative detention. See United States v. McRae, 81 F.3d 1528, 1534 (10th Cir. 1996). The record supports the magistrate judge's conclusion that the negative result of an "eye movement" test conducted on Defendant, who was driving; the smell of alcohol; and a suspended license justified further questioning about the purpose of the trip and where they had been as well as questions about the ownership of the vehicle, which was registered to someone other than the occupants. Moreover, the occupants' ambiguous and sometimes contradictory answers support the magistrate judge's conclusion that the officer had a reasonable suspicion of drugs to justify his request for permission to search the vehicle.

There was considerable argument during the two hearings conducted by the magistrate judge and again in this appeal about the validity and scope of the

consent given to search.  The magistrate judge applied the analysis we have set out in <u>United States v. Angulo-Fernandez</u>, 53 F.3d 1177 (10th Cir. 1995).  The record supports the magistrate judge's findings.

We have only summarized the facts.  They are set forth in detail in the magistrate judge's Report and Recommendation.  Our review of the record finds support for the magistrate judge's findings and conclusions and the trial court's adoption thereof.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge